

GROVER SELLERS
XXXXXXXXXXXX
ATTORNEY GENERAL

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

Dr. T.J. Crowe, Secretary
Texas State Board of Medical Examiners
918 Texas Bank Building
Dallas 2, Texas

Dear Sir:

Opinion No. O-6292
Re: Authority of Board to issue new or
amended license certificate, and
related questions.

We quote from your request for advice as follows:

"The following statement of facts, as re-
flected by the reasons of this office, is given for
your information in arriving at our request for an
opinion:

"On June 16, 1934, Dr. Merrill Simpson Bart-
lett filed an application for examination with this
Board. The application contained the required infor-
mation, showing that he had graduated from high
school, had received an A.B. Degree and a B. So. de-
gree, and on May 31, 1934, had received the D.O.
degree from the Kirksville College of Osteopathy and
Surgery, which college is recognized by this Board as
meeting the requirements of a 'reputable medical school.'
He successfully passed the examination and was granted
license certificate No. B-3535 on July 31, 1934. This
license certificate had lettered thereon the 'D.O.'
degree after Dr. Bartlett's name.

"On November 13, 1944, Dr. Merrill Simpson
Bartlett filed an application for examination with
this Board certifying that he had attended the Univer-
sity of Oklahoma School for two terms, 1940-42, and
the University of Tennessee School of Medicine for two
terms, 1942-44, graduating from the University of
Tennessee School of Medicine on June 12, 1944. Both
universities meet the requirements of a 'reputable
medical school.' Dr. Bartlett desires another license
certificate that will give him the 'M.D.' degree after
his name instead of the 'D.O.' degree, and also to have
his records with this Board to show that he is a
licensed Doctor of Medicine and entitled to the privi-
leges and courtesies extended licensed doctors of
medicine.

"At the November Meeting of the Board, all members in attendance desired to give Dr. Bartlett a new license certificate without further examination, showing that he is a Doctor of Medicine. No member of the Board thought Dr. Bartlett should be required to be re-examined in the required twelve subjects, if the Board had legal authority to grant him a new license certificate, or a duplicate certificate.

"The Texas State Board of Medical Examiners, under certain conditions, re-issues a license certificate referred to as a 'duplicate', which in reality is not a duplicate of the original license certificate in that it is given a new number, new date, and the signatures of the members of the Board granting the new or 'duplicate' certificate, instead of those on the original.

"The applicant for a 'duplicate' license certificate must furnish information to this Board, under oath, such as medical school, dates, number of old certificate, etc. If certificate is lost (as by fire), a certified copy from the District Clerk's Office must be furnished this office. In the case of a change of name, a certified copy of the order of court granting the change of name, or if a woman physician changes name, a certified copy of the marriage certificate must be filed in this office. When the new license certificate is granted, (and it is referred to on our records as a 'duplicate'), it shows on the face of the certificate that it was granted upon 'written examination (Given in lieu of License No. _____, issued on ___(date)___.' If the license certificate is granted on a change of name, the original certificate must be sent to this office to be destroyed prior to the sending out of the new or 'duplicate' certificate. All district Clerks in the counties in which the original certificate was recorded are notified to cancel the recording of the original certificate.

"The Board is requesting your opinion on the following questions:

"1. Does the Texas State Board of Medical Examiners have authority to grant a new license certificate, or 'duplicate' as referred to above, based on the above statement of facts, omitting the 'D.O.' degree and placing thereon the 'M.D.' degree?

"2. Does the Texas State Board of Medical Examiners have authority to grant a new license certificate, based on the above statement of facts, omitting the 'D.O.' degree and placing thereon the 'M.D.' degree, and also omitting from the certificate the parenthetical insertion 'given in lieu of License No. _____, issued on ___(date)___,' but carried on our records as a 'duplicate?'

"If question No. 1 is answered in the affirmative the follwing question needs no answer.

"Dr. Merrill Simpson Bartlett, above referred to in the statement of facts, passed a written examination before the Tennessee State Board of Medical Examiners and was granted a license certificate by that Board based upon his graduation from medical school. Texas reciprocates with the State of Tennessee.

"3.  Since Dr. Bartlett has a license certificate to practice medicine and surgery in the State of Texas, and can meet all qualifications required for reciprocity, may this Board grant him a license by reciprocity with Tennessee, thus giving him two license certificates in the State of Texas?"

It seems clear from a careful examination of Articles 4495 to 4512 and particularly Article 4501 dealing with applicant's to practice medicine in this State that a person having once successfully passed the examination on all the prescribed subjects should not be required to take another or subsequent examination upon the same subjects, after qualifying to practice another school or system of medicine. This statute does not even suggest that a second examination should be required. This is made entirely clear by Article 4503 which requires that all applicants, irrespective of the school or system to which they belong, shall be examined by identical questions.

Both Articles 4501 and 4503 authorize the Board to adopt appropriate rules on procedure to cary on its duties under the Act.

We believe the Board is authorized under the facts stated either (1) to grant a new M.D. license, or, (2) having granted a new license, may omit from the license any special wording such as 'given in lieu of License No._____," etc. The wording on such licenses is not fixed by statute but only by usage, custom or by rule or regulation of the Board consistent with the Act. Any wording that is approved by the Board, not inconsistent with the Act, may be used in the license.

Having answered your questions 1 and 2 affirmatively, your question 3 does not require an answer.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   s/ Elbert Hooper
     Elbert Hooper
     Assistant

EH:db:wc

APPROVED DEC 5, 1944
s/GROVER SELLERS
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee by s/BWB Chairman